FRANCISCO SERVERA SILVA, Plaintiff and Appellant, *v.* JUAN PEDROSA ET AL., Defendants and Appellees.

No. 6178. Argued June 9, 1933.—Decided February 8, 1934.

*Luis A. Limeres* for appellant. *Celestino Iriarte* and *F. Fernández Cuyar* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal taken from an order of the District Court of Mayagüez striking out a memorandum of costs presented to it in the suit in which the appeal originated.

On appeal the judgment entered by the court in deciding the suit was reversed by us and substituted by another in favor of the plaintiff Francisco Servera Silva imposing costs on the defendants.

It appears from the order from which the present appeal has been taken, from the briefs that have been presented to us, and from a document included in the record, that this appeal is related to another appeal involving the same parties and in the same suit which, under number 6177, is filed in the office of the secretary of this court and which the appellant has abandoned.

Before the notice of our judgment of reversal was received in the lower court, Héctor Camolli appeared before said court, in the same suit, and moved that he be considered as substituted in lieu of Francisco Servera Silva, who had died, and the court so ordered. Subsequently, Camolli filed in that suit a memorandum of costs two days before the mandate was received, and within the ten days following such filing the defendants objected to the items of the said memorandum. After those ten days had elapsed, the defendants moved the court to strike out the memorandum on the ground that it had been prematurely filed.

Two days before the day set for the hearing of the memorandum of costs, the court set aside its previous order whereby Camolli had been substituted for the plaintiff, Ser-

vera, and after said hearing took place the order from which the present appeal has been taken was made, whereby the court declared void and nonexistent the memorandum of costs filed by Camolli, and directed that it be stricken from the record of the case. The ground for that order was that the memorandum filed by Camolli was void, as the order directing his substitution for plaintiff Servera had been vacated, and because, on the assumption that he would have had legal capacity to claim costs, the court lacked jurisdiction to determine such claim as it had been filed before notice of our decision had been received. The appellant says, in the only ground advanced in his appeal, that that order is erroneous.

As the lower court had by an order set aside its previous order substituting Camolli for Servera in the suit, Camolli, until the latter order was revoked, lacked personality to claim for himself the costs awarded to the plaintiff, Servera, for which reason the memorandum that he filed in order to collect them was improper and must be stricken out.

The appellant says that since the defendants objected to the items of the memorandum of costs within the ten days granted to them for that purpose by section 339 of the Code of Civil Procedure, as amended by Act No. 15, of November 17, 1917, (Session Laws (II), p. 228), without attacking the court's jurisdiction to entertain the memorandum of costs, their subsequent objection to jurisdiction could not be considered, as it had been filed after the lapse of that period, and because by objecting to the items of the memorandum they submitted to the jurisdiction of the court.

In the cases of *Empresa Teatral Ponceña* v. *Municipality of Ponce et al.*, 30 P.R.R. 499, and *Noriega & Alvarez* v. *N.Y. & P.R. Steamship Co.*, 33 P.R.R. 497, 528, we held that a court lacks jurisdiction to take cognizance of a memorandum of costs prematurely filed; a doctrine which is applicable to the instant case, as the memorandum of costs had been filed before the notice of the judgment on appeal had been received in the court, since the law provides that if an appeal

has been taken from the judgment of the court, as was done in the case at bar, the memorandum of costs is to be filed within ten days after the judgment on appeal has been entered in the lower court.

The lower court had jurisdiction of the persons in this case, but since it lacked jurisdiction to entertain the memorandum of costs, as we have decided, the objection to the items of the memorandum did not vest it with the jurisdiction it lacked; and as the want of jurisdiction of the subject matter can be alleged at any time, such allegation of the defendants, even though made after the ten days granted by law for objecting to a memorandum of costs, was proper.

The judgment appealed from must be affirmed.